# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

STEVE JOSEPH DE WOLF

        Plaintiff,

v.                                                 Civil no. 03-0830 WPJ/RHS

BARBARA DE WOLF, GILBERT
CHAVEZ, DEBORAH ARMSTRONG,
DEBORAH DEPALO, et al., in their
personal capacities, outside
their scope of employment,
GILBERT CHAVEZ,
DEBORAH ARMSTRONG,
DEBORAH DEPALO, et al.,
In their personal capacities, inside
their scope of employment,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' DePalo and Armstrong's

Motion to Dismiss, filed August 20, 2003 (**Doc. 10**). This lawsuit arises from a prosecution

against Plaintiff in Bernalillo County Metropolitan Court involving Plaintiff's spouse, Co-

defendant Barbara DeWolf, with the assistance of Albuquerque Police Department Officer Gilbert

Chavez.  Plaintiff is proceeding _pro se_ and _in forma pauperis_.  The Complaint alleges that

Deborah DePalo and Deborah Armstrong, both prosecutors with the Second Judicial District

Attorney's Office, initiated the prosecution of this claim. The Complaint can best be described as

an "appeal" of sorts from the State's prosecution of Plaintiff for domestic abuse.[1]

_____

[1]  The Complaint refers to Barbara DeWolf's allegations of battery against Plaintiff.

Plaintiff formally alleges four counts: Negligence Per Se against Defendant Armstrong; Res Ipsa Loquitur against all Defendants; Intentional Infliction of Emotional Distress against Defendants Armstrong and DePalo; and Negligent Infliction of Emotional Distress against Defendant Armstrong and Chavez.  However, the body of the Complaint lists ten other claims as well: manufacturing of evidence, lack of due process, reversal of the burden of proof, manufacturing of material fact, misappropriation of material fact, abuse of process, malicious prosecution, nonfeasance and malfeasance of office, perjury of oath of office and conspiracy to commit all of the above. Complaint at 2, ¶ 5 (a-j). All of the claims are grounded in state tort law, with the possible exception of "lack of due process," which in its most liberal glossing, could be construed as an allegation of a federal constitutional right under the Fourteenth Amendment.

Plaintiff alleges that prosecutors Armstrong and Chavez had a duty to investigate, and that had they done so, he would have been exonerated.  He also states that because of his high blood pressure, Defendants' failure to adequately investigate caused him "undue emotional distress." Complaint at 6.  According to the Complaint, Defendants Armstrong and Chavez used their knowledge as attorneys against him unfairly in the prosecution of the case.

On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. Dewell v. Lawson, 489 F.2d 877, 879 (10th Cir. 1974). The question is not whether plaintiff will ultimately prevail but whether the allegations entitle plaintiff to offer evidence to support its claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Material allegations must be taken as true, and all reasonable inferences must be indulged in favor of the complainant. Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).

**Defendant DeWolf**

Defendants pose several grounds for dismissal which have merit.  The Complaint contains absolutely no set of facts which would form a basis for a claim against Barbara DeWolf, under any of the various theories listed in the Complaint. Therefore, Defendant DeWolf shall be dismissed from the case.

**Defendants Armstrong and DePalo**[2]

*1.  Prosecutorial Immunity*

Even assuming that Plaintiff has successfully alleged a violation of his federal due process rights, Defendants Armstrong and DePalo, as state prosecutors, are absolutely immune from suit under § 1983 claims when performing functions "analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings entitled to prosecutorial immunity."[3] Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Even where acting outside the scope of strictly prosecutorial duties, e.g., for investigative or administrative functions, these Defendants would still be entitled to assert a qualified immunity defense. Kalina v. Fletcher, 522 U.S. 118

---

[2]  Defendants advance the argument that the Eleventh Amendment precludes suit against Defendants DeWolf and DePalo.  Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) (jurisdictional bar applies not only to actions against states but also to actions seeking damages against state employees acting in their official capacities).  Inasmuch as Plaintiff names Defendants in their *personal* capacities only, this argument fails. See Hafer v. Melo, 502 U.S. 21, 25 (1991) (Eleventh Amendment does not bar plaintiff from pursuing a claim for damages against state officials in their individual capacities, even though the officials' acts may have been taken in the course of their official duties).

[3]  This immunity appears to be limited to claims brought under § 1983 claims. However, given the absence of specific facts to support Plaintiff's claim of failure to investigate, the Court would be overreaching the bounds of liberal construction to say that Plaintiff's allegations reach the level of a federal claim.

(1997) (in attesting to truth or averments being made in support of arrest warrant, prosecutor was

acting as a complaining witness, and not a prosecutor); Snell v. Tunnell, 920 F.2d 673, 686 (10th

Cir. 1990) (prosecutor acting in an administrative capacity). With regard to his allegations of

failure to investigate, Plaintiff does not explain why or how Defendants' inadequate investigation

prejudiced him, much less supply any description about what exculpatory evidence was waiting to

be uncovered. This deficiency affords these two Defendants qualified immunity against any of

Plaintiff's claims which can be construed as federal constitutional claims.  These claims shall also

be dismissed for the reason that Plaintiff's assertions regarding failure to investigate are merely

conclusory allegations, and thus are insufficient to state a claim upon which relief can be based.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

*2.  Tort claims*

     Potential tort liability of a governmental entity and its employees is limited by the New

Mexico Tort claims Act, N.M.S.A. 1978 § 41-4-1 to § 41-4-27) ("NMTCA").  Pemberton v.

Cordova, 105 N.M. 476, 477 (Ct.App. 1987).  The NMTCA provides governmental entities and

public employees acting within the scope of duty with immunity from tort suits unless there is a

specific waiver of that immunity set forth under the Act. Weinstein v. City of Santa Fe, 121 N.M.

646, 649 (1996).  Any provision purporting to waive governmental immunity must be strictly

construed.  Armijo v. Dept of Health & Environment, 108 N.M. 616 (Ct.App. 1989). Plaintiff does

not refer to any specific provision in the Act that would allow suit to be brought against

Defendant.  Nor does he allege claims or set forth any facts that would arguably fall within a

waiver of immunity. Defendants DePalo and Armstrong are not law enforcement personnel under

the provisions of the Tort Claims Act.  See NMSA 1978, § 41-4-3(D)(1995).[4]

Further, despite the fact that Plaintiff has brought claims against Defendants "outside their scope of employment" as well as "inside their scope of employment," he has not asserted any facts which could be construed as supporting the premise that any of the Defendants were acting outside the scope of their duty during the time period relevant to the Complaint.  For the foregoing reasons, Defendants Armstrong and Depalo shall be dismissed from this action as well.

I see no purpose in allowing Plaintiff an opportunity to amend, since it appears "beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief." American Home Assur. Co. v. Cessna Aircraft Co., 551 F.2d 804, 808 (10th Cir. 1977). Plaintiff's claims cannot be entertained in this federal forum for another reason, one not raised by Defendants. The *Rooker-Feldman* doctrine[5] states that federal district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).  Since the relief requested by Plaintiff in the federal action would essentially require this Court to void the state court's ruling, Plaintiff's claims cannot be brought in this Court.

**Defendant Chavez**

A Clerk's Entry of Default against Defendant Chavez was entered on September 29, 2003. **(Doc. 16)**. Given the disposition of Plaintiff's claims as to the other Defendants, Plaintiff's

---

[4]  Under this provision, a "law enforcement officer" means a "full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor. . . ."

[5]  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).

claims against Defendant Chavez likewise shall be dismissed.  Although based on the allegations

in the Complaint, Chavez appears to qualify as a "law enforcement officer" under the Tort Claims

Act, those allegations are insufficient to support a claim against him.[6] Further, and more critically,

the *Rooker-Feldman* doctrine extends to these claims as well, and they shall be dismissed.

**THEREFORE**,

      **IT IS ORDERED** that Defendants' DePalo and Armstrong's Motion to Dismiss (**Doc.**

**10**) is granted in that Plaintiff's claims against all Defendants are DISMISSED WITHOUT

PREJUDICE;[7]

      **IT IS ORDERED** that the Clerk's Entry of Default against Defendant Gilbert Chavez,

entered on September 24, 2003 (**Doc. 16**) is hereby VACATED as a result of the Order of

Dismissal as to all Defendants.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Also, there is no indication that Plaintiff gave the required notice under the Tort Claims Act, § 41-4-16(A) "within ninety days after an occurrence giving rise to a claim."

[7] Defendants request dismissal with prejudice. However, because the *Rooker-Feldman* preclusion is jurisdictional and thus applies to all Defendants, dismissal is without prejudice as to all Defendants.